# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TEDDY L. HAMMOND, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. CIV-08-095-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

The claimant Teddy L. Hammond requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. For the reasons discussed below, the Commissioner's decision is AFFIRMED.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the

national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The Court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court must review the record as a whole, and "[t]he substantiality of evidence must take

---

[1] Step one requires the claimant to establish he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work he can perform existing in significant numbers in the national economy, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on October 10, 1969, and was thirty-seven years old at the time of the administrative hearing. He earned a GED and previously worked as a cutter operator, construction worker I, combination welder, sawyer, stock clerk, cashier-checker, roofer, rolling machine operator, trimmer-sewing machine operator, fast food cook, cashier II, baker helper, nursery laborer, livestock farm worker, industrial truck operator, remodeling carpenter, cabinet assembler, auto mechanic, construction worker II, restaurant cook, fast food worker, and cable installer. The claimant alleges he has been unable to work since March 22, 2005, because of a severe crush injury to the right foot with partial amputation and right elbow epicondylitis.

**Procedural History**

On June 1, 2005, the claimant protectively filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401- 34. The application was denied. ALJ Edward L. Thompson conducted a hearing and determined that the claimant was not disabled on May 24, 2007. The Appeals Council denied review, so the ALJ's decision represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. § 404.981.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He found that the claimant retained the physical residual functional capacity ("RFC") to perform a limited range of light work, *i. e.*, he could lift and/or carry twenty pounds occasionally and ten pounds frequently, stand and/or walk for six hours in an eight-hour workday, and sit for six hours in an eight-hour workday. The claimant was further limited to only occasionally climbing ramps/stairs and balancing, never climbing ladders/ropes/scaffolds, using right foot controls, or using right hand controls requiring a strong grip (Tr. 14-15). The ALJ concluded that although the claimant could not return to all of his past relevant work, he was nevertheless not disabled because he could perform the jobs of cashier-checker, cashier II, and fast food worker (Tr. 19).

## Review

The claimant contends that the ALJ erred by failing to conduct a proper step-four analysis with regard to his past relevant work. Specifically, the claimant alleges that: (i) the ALJ failed to make specific findings regarding the demands of his past relevant work; (ii) the ALJ improperly relied on the testimony of the vocational expert ("VE") as the sole basis for concluding his impairments did not preclude performance of such work; and, (iii) the ALJ failed to ask the VE if his testimony conflicted with the Dictionary of Occupational Titles ("DOT"). The Court finds that none of these contentions have merit.

At the administrative hearing, the ALJ asked the claimant questions about each job he performed during the relevant fifteen-year period, and in most cases, he asked about the

work the claimant actually performed in these positions, *e. g.*, the claimant described his prior work cutting and chipping rock; welding; building furniture; sawing; stocking shelves and operating the cash register at convenience stores; roofing; making rolls of plastic; sewing and cutting material; cooking at fast food restaurants; baking donuts, hauling flour, and running the mixers at a bakery; helping nursing home patients with personal needs; labor at flower shop; ranch work; operating equipment such as front-end loaders and backhoes; remodeling work; making cabinets; auto-mechanic work; bricklaying; plumber's helper; and running cable (Tr. 219-26, 237-45). The ALJ then asked the VE to identify and classify the claimant's past relevant work (Tr. 259), and the VE responded by listing each of the claimant's twenty-two jobs with their exertional level and skill level. During this phase of the hearing, the claimant further explained some of his job requirements (Tr. 259-68). The ALJ posed a single hypothetical question to the VE which consisted of the same limitations from the RFC adopted in the decision (Tr. 15, 268-70). When asked if an individual with that RFC would be able to perform any of the claimant's past relevant work (either as the claimant performed it or as it was generally performed in the national economy), the VE identified three of the claimant's past jobs, *i. e.*, cashier-checker, cashier II, and fast food worker (Tr. 270). In his decision, the ALJ recounted the VE's testimony identifying the claimant's past jobs and the skill and exertional level of each job as classified in the DOT and his conclusion that the claimant "could perform his past relevant jobs as a cashier-checker, a cashier II, and a fast food worker as he performed the[m] and as generally performed in the national economy." The ALJ also noted that "[i]n comparing the claimant's [RFC] with the

physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually and generally performed. In his past work as a cashier-checker, a cashier II, and a fast food worker, the claimant was not required to perform more than light work with limited pushing and/or pulling and the additional nonexertional limitations[.]" He ultimately concluded that "[the claimant was] able to return to the type of work he performed in the past." (Tr. 19).

Step four of the sequential analysis requires the ALJ to evaluate the claimant's RFC, determine the physical and mental demands of the claimant's past relevant work, and conclude whether the claimant has the ability to meet the job demands of his past relevant work using the determined RFC. *See Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996) [citations omitted]. A vocational expert may supply information to the ALJ at step four regarding the demands of the claimant's past work, but "the ALJ himself must make the required findings on the record, including his own evaluation of the claimant's ability to perform his past relevant work." *Id*. at 1025.

There is no question that the ALJ satisfied the first phase of the *Winfrey* analysis; he determined the claimant's RFC in detail and the claimant does not object to his findings in this regard. But the claimant contends that the ALJ failed to make proper findings at phases two and three of the *Winfrey* analysis. With regard to phase two, the Court finds the ALJ's questioning of the claimant at the administrative hearing and the VE's testimony about the exertional and skill levels of the jobs was sufficient to establish the demands of the claimant's past work (Tr. 220-26, 237-39, 241-45, 259-68). *See, e. g., Westbrook v.*

*Massanari*, 26 Fed. Appx. 897, 903 (10th Cir. 2002) (finding that remand under *Winfrey* is appropriate only when the record is "devoid of even any mention of the demands of past relevant work[.]") [citation omitted] [unpublished opinion]. Even assuming *arguendo* the demands of the claimant's past work were insufficiently developed, the ALJ determined the claimant could return to his past relevant work as a clerk-checker, cashier II and fast food worker as he performed it *and as it was generally performed in the national economy*. This finding makes any further inquiry into the actual demands of the jobs unnecessary. *See*, *e.g.*, *Andrade v. Secretary of Health & Human Services*, 985 F.2d 1045, 1050 (10th Cir. 1993) (noting that the ALJ shall consider "the claimant's ability to perform either . . . '[t]he actual functional demands and job duties of a particular past relevant job; or . . . [t]he functional demands and job duties . . . as generally required by employers throughout the national economy.'"), *quoting* Soc. Sec. Rul. 82-61, 1982 WL 31387, at *1. *See also Wise v. Barnhart*, 42 Fed. Appx. 331, 333 (10th Cir. 2002) ("[T]he issue is not whether claimant can return to her actual past job, but to the type of work she performed in the past.") [unpublished opinion], *citing Andrade*, 985 F.2d at 1051.

Further, the ALJ made his own phase-three findings that the claimant's RFC did not preclude her performance of past work as a cashier-checker, cashier II, and fast food worker (Tr. 19). Although the ALJ clearly relied on the VE's testimony for his phase-three findings, *see Doyal v. Barnhart*, 331 F.3d 758, 761 (10th Cir. 2003) ("An 'ALJ may rely on information supplied by the VE at step four.'"), *quoting Winfrey*, 92 F.3d at 1025, he did not "delegate the analysis to the [VE]." *Id*. ("The ALJ did not delegate the analysis to the

vocational expert; instead, he quoted the VE's testimony approvingly, in support of his own findings at phases two and three of the analysis."). Thus, the ALJ's analysis of the claimant's past relevant work satisfied the requirements set forth in *Winfrey*.

The claimant also argues that the ALJ failed to specifically ask the VE whether his testimony deviated from the DOT. *See*, *e. g.*, Soc. Sec. Rul. 00-04p, 2000 WL 1898704, at *4 ("When a VE . . . provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that . . . evidence and information provided in the DOT."). The record supports the claimant's contention that the VE was not specifically asked about any conflicts between his testimony and the DOT; however, in this case, the ALJ's failure to ask was harmless. The claimant did not identify any conflicts between the VE's testimony and the DOT, and upon examining the DOT and the positions identified by the VE, *i. e.*, the jobs of cashier-checker (DICOT 211.462-014), cashier II (DICOT 211.462-010), and fast food worker (DICOT 311.472-010), the Court cannot say that the positions require a stricter RFC than what the ALJ determined the claimant can perform. *See*, *e. g.*, *Martinez v. Astrue*, 2009 WL 721687, at * 5 (10th Cir. Mar. 19, 2009) ("Mrs. Martinez takes issue with the ALJ's failure to ask the VE if his opinion was consistent with the DOT[.] . . . But she has not identified, no do we see, any such conflict inherent in the VE's response . . . or about which the ALJ should have inquired, so we consider the ALJ's failure to be harmless.") [unpublished opinion]. The Court therefore finds no error on the ALJ's part.

**Conclusion**

As set forth above, the Court finds that correct legal standards were applied by the ALJ and the decision of the Commissioner is therefore supported by substantial evidence. Accordingly, the decision of the Commissioner is hereby AFFIRMED.

**IT IS SO ORDERED** this 31st day of March, 2009.

_____
**STEVEN P. SHREDER
UNITED STATES MAGISTRATE JUDGE**